UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRITTNEY NEAL,** : | CASE NO. 3:21-cv-497 | |
| Plaintiff, : | | |
| v. : | | |
| : | | |
| **SPECIALTY CABLE CORP.,** : | | |
| Defendant. : | APRIL 9, 2021 | |

## NOTICE OF REMOVAL

Defendant Specialty Cable Corp. hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and represents:

1. On March 27, 2021, Plaintiff Brittney Neal commenced this civil action by serving Defendant Specialty Cable Corp. with a summons, complaint, and statement of amount in controversy, dated March 17, 2021, returnable April 20, 2021, to the Connecticut Superior Court, Judicial District of Hartford, entitled *Brittney Neal v. Specialty Cable Corp.*, Docket No. HHD-CV21-6140288-S (the "Superior Court Action"). Attached hereto is a true copy of the summons, complaint, and statement of amount in demand. (**Exhibit A**, SCC-0001–0009).

2. The summons, complaint, statement of amount in demand and return of service were filed with the Superior Court on April 5, 2021. (See Return of Service, **Exhibit B**, SCC-0010 and Superior Court Action's docket sheet, attached as **Exhibit C,** SCC-0011-0012).

3. Neither Defendant nor its counsel had any prior notice of the Superior Court Action before Defendant received the summons, complaint, and statement of amount in demand on March 29, 2021. Defendant files this Notice of Removal within 30

days of the March 27, 2021 service of the summons, complaint and statement of amount in demand and within 30 days of the date on which the Superior Court Action became removable.

4. The ground for removal is the original jurisdiction afforded this Court under 28 U.S.C. § 1331 (federal question).

5. The Superior Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as Count Four, entitled "Retaliation In Violation Of The Fair Labor Standards Act, 29 U.S.C. § 215 Et. Seq." contains allegations that Plaintiff was "retaliated against and terminated . . . in response to her concerns regarding due, unpaid, and owed wages of the Fair Labor Standards Act. The Superior Court Action is therefore removable to the United States District Court pursuant to 28 U.S.C. § 1441(a). *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).

6. Plaintiff's claims are not nonremovable claims as per 28 U.S.C. § 1445.

7. Promptly after the filing of this Notice of Removal, Defendant Specialty Cable Corp. will file a copy of this Notice of Removal with the Superior Court and give written notice thereof to Plaintiff through his counsel of record.

**SPECIALTY CABLE CORP.**

By: /s/ Glenn A. Duhl
Glenn A. Duhl ct03644
Zangari Cohn Cuthbertson
   Duhl & Grello P.C.
59 Elm Street, Suite 400
New Haven, CT 06510
Tel.: (203) 786-3709
Fax: (203) 782-2766
gduhl@zcclawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, a copy of the foregoing Notice of Removal was filed electronically and served on counsel for Plaintiff, Brittney Neal, Megan L. Michaud, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114, mmichaud@cicchielloesq.com, by email.

      /s/ Glenn A. Duhl  
Glenn A. Duhl ct03644

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | April 20, 2021 |

| ☒ Judicial District   ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) ( 860 ) 296-3457 | Signature of Plaintiff (if self-represented) |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) mmichaud@cicchielloesq.com |
|---|---|

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: **Brittney Neal**  Address: 71 Westphal St. Apt. A7, West Hartford, CT 06110 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Specialty Cable Corp. 2 Tower Drive, Wallingford, CT 06492  Address: Agent: Brian O'Connor 1 Atlantic St. Stamford, CT 06901 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left MEGAN L. MICHAUD | Date signed 03/17/2021 |
|---|---|---|---|

| If this Summons is signed by a Clerk: a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only File Date |
|---|---|

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number SCC - 0001 |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| **RETURN DATE: APRIL 20, 2021** | : | **SUPERIOR COURT** |
| | : | |
| **BRITTNEY NEAL** | : | **J.D. OF HARTFORD** |
| | : | |
| **V.** | : | **AT HARTFORD** |
| | : | |
| **SPECIALTY CABLE CORP.** | : | **MARCH 17, 2021** |

## COMPLAINT

1.  The Plaintiff, Brittney Neal, (herein after the "Plaintiff") is a resident of the Town of West Hartford, in the State of Connecticut.

2.  The Defendant, Specialty Cable Corp. (herein after the "Defendant") is a Connecticut corporation with a place of business located at 2 Tower Drive, Wallingford, CT 06492.

3.  The Plaintiff was hired by the Defendant on or about June 26, 2020 as a Lab Technician.

4.  The Defendant produces highly engineered wire and cable products for military and aerospace applications.

5.  Plaintiff's duties included performing quality testing on wire cables to ensure the cables meet certain criteria required for the Defendant's customers and that the cables are in compliance with the AS9100, an internationally recognized Aerospace quality management standard.

6.  Plaintiff subsequently became a Designated Supper Quality Representative ("DSQR") and certified to specifically inspect parts for General Electric, the Defendant's customer, to ensure the parts meet General Electric's specific quality requirements.

7.  Throughout the course of Plaintiff's employment she came across a significant amount of product that was failing the quality tests.

8. In response to the significant amount of failed product discovered by Plaintiff her Supervisor appeared upset and would attempt to find ways to send the product out to the customers regardless of the fact it failed the quality tests.

9. Throughout the course of Plaintiff's employment she came across product that reflected it had already been delivered to the customer even before undergoing the required quality tests and ultimately turned out to be product that failed the quality tests.

10. Throughout the course of Plaintiff's employment she observed a Manager breath on a product to effect the temperature so it would pass.

11. During Plaintiff's employment she raised concerns about the failed product that has been sent to customers and the safety issues that could cause and potential harm to the public.

12. In response to Plaintiff's concerns about failed product being sent to customers she was told that too much paperwork is required for failed product so just let it go or that the aircrafts have so many backups that it is okay to send this failed product.

13. Around the end of February 2021, Plaintiff was performing her duties as a DSQR when she attempted to obtain an original purchase order for the parts she was testing. The specific training Plaintiff received to be certified as a DSQR required her to obtain the original purchase order to ensure there were no modifications or notes on it.

14. The Defendant became irritated with Plaintiff's request for the original purchase order and her Manager asked Plaintiff to just compromise to with Plaintiff responded she cannot do that she is performing DSQR duties for GE and if she is not provided the original purchase order she will follow the procedure she was trained on which would require her to contact GE directly.

SCC - 0003

15. About a week later the Defendant terminated Plaintiff's employment on March 3, 2021.

16. Prior to Plaintiff's employment she also inquired with Human Resources as to why her time card appeared to always reflect her start time as exactly 7AM on the dot or 5AM on the dot. Plaintiff pointed out that she is fairly certain she does not always clock in right on the dot and is in fact clocked in a few minutes early majority of the time.

17. Plaintiff was told by the Defendant's Human Resource employee that the company could round the time up. Plaintiff responded that she did not think that was the case.

18. On Monday March 1, 2021, Plaintiff asked the Defendant's Human Resource employee to provide Plaintiff with the time of her actual time in punches. The Defendant's Human Resource employee seemed hesitant to provide Plaintiff with this documentation stating she did not know if she could do that.

19. Plaintiff was never provided a copy of her actual time in punches and was instead terminated two days later on March 3, 2021.

**COUNT ONE:**     **Wrongful Termination in Violation of Conn. Gen. Stat. § 31-51q**

1. Paragraphs 1-15 are hereby incorporated the same as if fully pled in this First Count.

16. The Plaintiff spoke out as a citizen on a matter of public concern when raising issues of safety and the sending of failed product to customers.

17. The concerns raised by Plaintiff did not materially interfere with her job performance or working relationship with the Defendant.

18. The Defendant's termination of Plaintiff's employment is in violation of Conn. Gen. Stat. § 31-51q in that the Defendant terminated the Plaintiff on account of her exercise of her free speech rights on matters of public concern and the health and safety of the public.

19. As a result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered lost wages, lost employment benefits, and other consequential damages.

20. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress.

21. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has been forced to expend attorney's fees and costs to secure her rights as guaranteed by Conn. Gen. Stat. § 31-51q.

**COUNT TWO:** **Common Law Wrongful Discharge**

1. Paragraphs 1-15 are hereby incorporated the same as if fully pled in this Second Count.

16. Military and aerospace industry suppliers, such as the Defendant, are mandated to meet the compliance requirements of a quality management system such as AS9100.

17. Safety and reliability are paramount in the aerospace industry.

18. Public policy mandates that aerospace manufacturers and distributers face stringent regulation in quality and reliability as failure can be catastrophic.

19. Defendant wrongfully discharged Plaintiff after Plaintiff complained internally regarding the Defendant's violations of quality management.

20. The aforementioned conduct by the Defendant, through its agents, servants and/or employees constitutes a violation of public policy.

21. As a result of her wrongful discharge by Defendant, through its agents, servants and/employees, Plaintiff has suffered, and will continue to suffer, lost wages, benefits and bonuses.

22. As a result of his wrongful discharge by Defendant, through its agents, servants and/employees, Plaintiff has suffered, and will continue to suffer, considerable emotional distress

and psychological pain and suffering, and he has incurred legal fees and costs in order to obtain a right to which she is entitled.

**COUNT THREE:** **Non-payment of Wages – Conn. Gen. Stat. §§ 31-58 *et seq.*, 31-71a *et seq.*, and 31-76b *et seq.***

1.  The Plaintiff repeats and re-alleges paragraphs 1 through 19 above, as paragraphs 1 through 19 of Count Three as if fully set forth herein.

20. The Defendant failed to pay the Plaintiff all of the wages she is entitled to.

21. The Defendant is an employer for the purposes of Conn. Gen. Stat. §§ 31-58 et seq., 31-71b et seq., 31-71e et seq., and 31-72.

22. Plaintiff is an employee for the purposes of Conn. Gen. Stat. §§ 31-58 et seq., 31-71b et seq., 31-71e et seq., and 31-72.

23. The Defendant intentionally failed to pay the Plaintiff all of the wages in which she is entitled, and unlawfully and intentionally withheld the same.

24. The aforementioned conduct of the Defendant, in failing to pay the Plaintiff the wages to which she entitled, is in violation of Connecticut General Statutes §§ 31-58 *et seq.*, 31-71a *et seq.*, and 31-76b *et seq.*

25. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages, overtime wages, and other damages.

26. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which she is entitled.

27. The Plaintiff claims double wages, costs, and attorney's fees in accordance with Conn. Gen. Stat. § 31-72.

**COUNT FOUR:** Retaliation In Violation Of The Fair Labor Standards Act, 29 U.S.C. § 215 Et. Seq.

1. The Plaintiff repeats and re-alleges paragraphs 1 through 19 above, as paragraphs 1 through 20 of Count Four, as if fully set forth herein.

20. Defendant retaliated against and terminated Plaintiff in response to her concerns regarding due, unpaid, and owed wages of the Fair Labor Standards Act.

21. As a result of the aforementioned unlawful conduct of Defendant, Plaintiff has incurred lost wages, costs, expenses, attorneys' fees, and other consequential losses and damages.

22. As a further result of the Defendant's unlawful conduct, Plaintiff has been deprived of the benefit of gainful employment.

THE PLAINTIFF,
BRITTNEY NEAL

By: _____
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: MMichaud@cicchielloesq.com

| | | |
|---|---|---|
| **RETURN DATE: APRIL 20, 2021** | : | **SUPERIOR COURT** |
| | : | |
| **BRITTNEY NEAL** | : | **J.D. OF HARTFORD** |
| | : | |
| **V.** | : | **AT HARTFORD** |
| | : | |
| **SPECIALTY CABLE CORP.** | : | **MARCH 17, 2021** |

## PRAYER FOR RELIEF

***WHEREFORE,*** the Plaintiff request that the Court assume jurisdiction over this matter and provide him with the following relief:

1. Monetary damages;

2. reinstatement or front pay;

3. Double damages and attorney's fees and costs pursuant to Conn. Gen. Stat. §31-72;

4. unpaid wages;

5. Liquidated damages pursuant to the Fair Labor Standards Act;

6. Punitive damages pursuant to the Fair Labor Standards Act; and

7. such other relief as the court deems just and appropriate.

THE PLAINTIFF,
BRITTNEY NEAL

By: _____
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: MMichaud@cicchielloesq.com

| | | |
|---|---|---|
| **RETURN DATE: APRIL 20, 2021** | : | **SUPERIOR COURT** |
| | : | |
| **BRITTNEY NEAL** | : | **J.D. OF HARTFORD** |
| | : | |
| **V.** | : | **AT HARTFORD** |
| | : | |
| **SPECIALTY CABLE CORP.** | : | **MARCH 17, 2021** |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount of demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
BRITTNEY NEAL

By: /s/ Megan L. Michaud, Esq.
Megan L. Michaud, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: MMichaud@cicchielloesq.com

# EXHIBIT B

# Connecticut State Marshal
## Thomas A. Lyons
## P.O. Box 9285
## Bridgeport, CT 06601
### Phone/ Cell (203)-572-5010, Fax (203)-870-1403

STATE OF CONNECTICUT

         SS:     Bridgeport      March 27, 2021

COUNTY OF Fairfield


Summons/Complaint/Amount in Demand

__Case__:           Brittany Neal

                Vs

           Specialty Cable Corp


Then and there, by virtue hereof, I made service of the original Summons/Complaint/Amount in Demand and by direction of Attorney Megan L Michaud, by leaving a true and attested copy of the thereof with the following person(s) at the address indicated:

**Attempted Service**: Specialty Cable Corp via agent for service Brian O'Connor at 1 Atlantic St Stamford CT on March 24, 2021.. Building closed office moved, agent not found

**Certified Mail**, Secretary c/o Specialty Cable Corp 2 Tower Dr Wallingford CT 06492 its principle office, served pursuant to CGS 33-663 Certified Mail # 7020 0090 0000 9580 4077 at US Post Office 120 Middle St Bridgeport CT March 27, 2021


The within is a true copy of the original w Summons/Complaint/Amount in Demand with my doings hereon endorsed.

| | |
|---|---|
| Cert Mail | 7.20 |
| Pages Attested: | 9.00 |
| Travel: | 38.75 |
| Service: | 40.00 |
| Endorsement: | 2.00 |
| **Total** | **$ 96.95** |

Attest: *[signature]*

Thomas A. Lyons
State Marshal, Fairfield County

SCC - 0010

# EXHIBIT C

 

# State of Connecticut Judicial Branch
# Superior Court E-Filing

- E-Services Home
- E-Services Inbox (5)
- Superior Court E-Filing
  - Civil/Family
  - Housing
  - Small Claims
- E-File a New Case
- E-File on an Existing Case
  - By Docket Number
  - By Party Name
  - List My Cases
- Court Events
  - By Date
  - By Juris Number
  - By Docket Number
- Short Calendars
  - Markings Entry
  - Markings History
  - My Short Calendars
  - By Court Location
  - Calendar Notices
- My Shopping Cart (0)
- My E-Filed Items
- Legal Notices
- Pending Foreclosure Sales
- Search By Property Address

We are experiencing issues completing credit card transactions for filers using Safari browsers. At this time, if you are an attorney or firm using Safari as your browser, please either use a different browser or pay by check. Self-represented parties should also use a browser other than Safari if possible or should file any cases or motions which require a fee on paper with the Court Clerk. Thank you for your patience.

**Attorney/Firm:** ZANGARI COHN CUTHBERTSON DUHL & GRELLO P (011012) **E-Mail:** lkearse@zcclawfirm.com  Logout

*e* **HHD-CV21-6140288-S  NEAL, BRITTNEY v. SPECIALTY CABLE CORP.**

| Prefix: HD3 | Case Type: M90 | File Date: 04/05/2021 | Return Date: 04/20/2021 |

Case Detail | Notices | History | Exhibits | Scheduled Court Dates | Help Manual

To receive an email when there is activity on this case, click here.

The logged in Juris Number is not appearing on this case. Select "Go" to e-file an appearance.

**Select Case Activity:** E-File an Appearance ▼ [Go]

**Information updated as of:** 04/07/2021

## Case Information
- **Case Type:** M90 - Misc - All other
- **Court Location:** Hartford JD
- **List Type:** No List Type
- **Trial List Claim:**
- **Last Action Date:** 04/05/2021 (The "last action date" is the date the information was entered in the system)

## Disposition Information
- **Disposition Date:**
- **Disposition:**
- **Judge or Magistrate:**

## Party & Appearance Information

| Party | | No Fee Party | Party Category | Party Type |
|---|---|---|---|---|
| P-01 | **BRITTNEY NEAL** | | Plaintiff | Person |
| | Attorney: *e* CICCHIELLO & CICCHIELLO LLP (419987)  File Date: 04/05/2021<br>NEW  364 FRANKLIN AVENUE<br>HARTFORD, CT 06114 | | | |
| D-01 | **SPECIALTY CABLE CORP.**<br>Non-Appearing | | Defendant | Firm or Corporation |

### Viewing Documents on Civil, Housing and Small Claims Cases:

If there is an *e* in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

SCC - 0011

| Motions / Pleadings / Documents / Case Status ||||| |
|---|---|---|---|---|
| **Entry No** | **File Date** | **Filed By** | **Description** | **Arguable** |
| 100.30 | 04/05/2021 | P | SUMMONS 📄 !NEW | No |
| 100.31 | 04/05/2021 | P | COMPLAINT 📄 !NEW | No |
| 100.32 | 04/05/2021 | P | RETURN OF SERVICE 📄 !NEW | No |

| Scheduled Court Dates as of 04/06/2021 ||||
|---|---|---|---|
| HHD-CV21-6140288-S - NEAL, BRITTNEY v. SPECIALTY CABLE CORP. ||||
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| No Events Scheduled |||||

Judicial ADR events may be heard in a court that is different from the court where the case is filed. To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Copyright © 2021, State of Connecticut Judicial Branch

SCC - 0012